IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES, | : | |
| | : | |
| v. | : | CASE NO.: 7:21-cr-9 (WLS) |
| | : | |
| RICARDO GARCIA., | : | |
| | : | |
| Defendant. | : | |
| | : | |

### ORDER

Before the Court is the Parties' Joint Motion for Continuance, filed September 24, 2021. (Doc. 34.) Defendant's case was previously continued on July 7, 2021 to allow Defendant time to adequately review discovery. (Doc. 31.) The Parties move to continue trial in this case again, which is currently scheduled to begin in November 2021, for following reasons.

First, the Defense needs additional time to review discovery, meet with local law enforcement and review the evidence – contained on multiple electronic devices – in law enforcement custody. Granting a continuance in this case will also allow the Defendant to review the evidence, prepare an effective defense and to be more fully prepared for trial with his appointed counsel. The additional time will also afford Defendant's counsel the opportunity for meaningful investigation of the case and to continue discussing a possible resolution with counsel for the Government. For the reasons below, the Motion (Doc. 34) is **GRANTED**.

The Speedy Trial Act permits a district court to grant a continuance of trial so long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

Section 3161(h)(7)(B) provides several factors the Court must consider when granting a continuance. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016). Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice and the likelihood that failure to grant a continuance would deprive the defendant continuity of counsel or reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B).

The Court finds that the failure to grant a continuance here would likely result in a miscarriage of justice and deprive counsel of reasonable time necessary for effective preparation. *See* 18 U.S.C. § 3161(h)(7)(B)(i) and (iv). Notably, the Defense needs additional time to review discovery and potentially work on a pretrial resolution of this matter. (*Id.* at 2.)

Accordingly, the Parties' Joint Motion for Continuance (Doc. 34) is **GRANTED**. The case is **CONTINUED** to the Valdosta trial term beginning February 7, 2022, unless otherwise ordered by the Court. The Court **ORDERS** that the time from the date of this Order to the conclusion of the February 2022 Trial Term is **EXCLUDED FROM COMPUTATION** under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7).

**SO ORDERED**, this  27th   day of September 2021.

/s/ W. Louis Sands

**W. LOUIS SANDS, SR. JUDGE**

**UNITED STATES DISTRICT COURT**